UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

A. FERLITO FARMS, INC.,

                     Plaintiff,

v.                                                 5:10-CV-1044
                                                     (GTS/ATB)

EMPIRE FRESH CUTS, LLC;
JAMES R. ZAPPALA; and
SAMUEL A. ZAPPALA,

                     Defendants.
_____

**PRELIMINARY INJUNCTION**

Currently before the Court in this action commenced by A. Ferlito Farms, Inc. ("Ferlito Farms") against Empire Fresh Cuts, LLC, James R. Zappala and Samuel A. Zappala ("Defendants") under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499e(c)(5) ("PACA"), is Ferlito Farms' motion for a preliminary injunction enjoining Defendants (as well as their agents, employees, successors, banking institutions, attorneys, and all other persons in active concert or participation with them) from using, consuming or otherwise dissipating trust assets or making payment of any PACA trust asset to any creditor, person, or entity until further order of this Court or upon agreement of Ferlito Farms. (Dkt. No. 9.) For the reasons set forth below, Ferlito Farms' motion is granted.

**I.    RELEVANT BACKGROUND**

On August 31, 2010, Ferlito Farms filed an *ex parte* motion for temporary restraining order restraining Empire Fresh Cuts, its agents, officers, directors, members, including James R. Zappala and Samuel A. Zappala, subsidiaries, assigns, and financial and banking institutions, including but not limited to Pathfinder Bank, from alienating, dissipating, paying over or

assigning any PACA trust assets to any creditor, person or entity, without agreement of the parties or until further order of the Court, or until Defendants pay Ferlito Farms the sum of $429,590.00. (Dkt. No. 9.) On September 1, 2010, the Court ordered Defendants to show cause on September 15, 2010, why an order for preliminary injunction should not be entered. (Dkt. No. 10.) On September 2, 2010, Ferlito Farms served Defendants with its motion for a temporary restraining order. (Dkt. No. 11.) Defendants failed to appear on (or before) September 15, 2010. (*See generally* docket sheet.) As a result, the Court directed Ferlito Farms to electronically file, on or before September 29, 2010, a proposed order with regard to their motion for a preliminary injunction, and serve that proposed order on Defendants. (Text Order of Sept. 15, 2010.) On September 27, 2010, Ferlito Farms did so. (Dkt. No. 15.)

**II.     ANALYSIS**

Having carefully reviewed and considered Ferlito Farms' proposed findings of fact and conclusions of law, the Court makes the following findings of fact and conclusions of law and enters this preliminary injunction pursuant to Fed. R. Civ. P. 65.

    **A.     Findings of Fact**

1. Ferlito Farms commenced this action on August 30, 2010, under PACA.

2. Ferlito Farms, a New York corporation located in Oswego County, New York, operates as a seller of onions, a perishable agricultural commodity, and in that capacity sells and ships fresh onions, a type of perishable agricultural commodity commonly shipped in interstate commerce, in the U.S. Produce markets.

3. At all times relevant hereto, Ferlito Farms has held, and presently holds a valid PACA license number 19781760.

4. Defendant Empire Fresh Cuts, LLC ("Empire Fresh"), is a New York Limited Liability Company located in Oswego County, New York, which at all times relevant hereto

operated as a buyer, processor, and seller of perishable agricultural commodities in interstate commerce under PACA license number 20060612, and is subject to the provisions of PACA and the regulations promulgated thereunder.

5. Empire Fresh purchased onions from Ferlito Farms for processing and sale in interstate markets in the New England, Mid-Atlantic, and Ohio State regions of the United States.

6. Ferlito Farms made 36 shipments of onions to Empire Fresh between December 9, 2009 and April 20, 2010, with invoices showing a total principal amount of $429,590.00, plus interest, due and owing for the onions, none of which has been paid by Empire Fresh.

7. Each of the Ferlito Farms' invoices issued in connection with the 36 shipments of onions contains the payment terms "NET 30 DAYS 2% INTEREST ADDED AFTER 30 DAYS."

8. Each of the Ferlito Farms' invoices issued in connection with the 36 shipments of onions also contained the language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e[c]). The seller of these commodities retains a trust claim over these commodities, all inventories, and any receivables or proceeds from the sale of these commodities until full payment is received.

9. Under PACA, upon receipt of the onions sold to Empire Fresh by Ferlito Farms, Ferlito Farms became a beneficiary of a floating, non-segregated statutory trust on all of the Defendants' perishable agricultural commodities, all inventories of food or other products derived from the perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or the assets derived therefrom.

10. During the time period relevant to Ferlito Farms' claims, Defendants James R. Zappala and Samuel A. Zappala were and currently are officers, directors and/or members of Empire Fresh who could exercise control over the PACA assets which are the subject of this action, and as such are statutory trustees under PACA.

11. In June and July of 2010, Joseph A. Ferlito, President of Ferlito Farms, had numerous telephone communications with Defendant Samuel A. Zappala in an attempt to obtain payment of the amounts due and owing and was told that while Empire Fresh did not have the funds to pay the amounts owed to Ferlito Farms, the company was putting together financing that would allow payment.

12. On July 19, 2010, Samuel A. Zappala informed Joseph Ferlito that the financing had fallen through, that the processing plant had been shut down, and that Empire Fresh did not have the funds to pay Ferlito Farms the outstanding indebtedness.

13. Empire Fresh is indebted to Ferlito Farms in the principal amount of $429,590.00, plus interest in accordance with the Ferlito Farms invoices.

14. Samuel A. Zappala has acknowledged that Empire Fresh is indebted to Ferlito Farms.

15. Ferlito Farms relies upon the prompt payment for products sold to its customers to effectively and adequately manage its current payables and receivables schedules, monitor its cash flow, and make informed business decisions.

16. Inasmuch as once dissipation of trust assets has occurred, recovery of trust assets is all but impossible (H.R. Rep. No. 543, 98th Cong., 2d SessA (1983), reprinted in 1984 U.S. Code & Admin. News 405,411), Ferlito Farms will be irreparably harmed if PACA trust assets held by Defendants are dissipated and not held or preserved for the benefit of and remitted to Ferlito Farms.

B.   **Conclusions of Law**

1. This Court has subject matter jurisdiction over Ferlito Farms' claim against the Defendants under PACA, 7 U.S.C. § 499e(c)(5).  *See* 7 U.S.C. § 499a(6) and (8); *Produce Place v. U.S. Dep't of Agric.*, 91 F.3d 173 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 1116 (1997).

2. At all times relevant to the Ferlito Farms' claims, Defendants were dealers under PACA and, therefore subject to the PACA Trust Amendment.  *See* 7 U.S.C. §§ 499a(6) and 499e(a) and (c)(2).

3. Ferlito Farms, a PACA licensee, properly preserved its PACA trust rights by using invoices containing the requisite statement giving the Defendants notice of its PACA rights.  *See* 7 U.S.C. § 499e(c)(4).

4. Under the PACA Amendment, 7 U.S.C. § 499e(c)(2), Defendants were required to hold:

> [A]ll inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products…in trust for the benefit of…[the PACA Beneficiary] until full payment of the sums owing in connection with such transactions has been received by…[the PACA Beneficiary.

5. Defendant Empire Fresh has dissipated the PACA assets, is financially unstable, and has insufficient assets to pay the $429,590.00 due and owing to Ferlito Farms, and is, therefore, in violation of 7 U.S.C. § 499e, *et seq*.  *See Tanimura and Antle, Inc. v. Packed Fresh, Inc.*, 222 F.3d 132, 140-41 (3d Cir. 2000) (finding that PACA violation is shown where buyer fails to pay for produce and seller establishes dissipation of the PACA trust assets and the buyer's general financial instability).

6. Defendants James and Samuel Zappala, as statutory trustees under PACA who have breached their fiduciary duty to preserve the PACA trust assets in this case, are individually

liable for Defendant Empire Fresh's failure to preserve those statutory trust assets in violation of 7 U.S.C. § 499e, *et seq.* *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280 (9th Cir. 1997); *Morris Okum, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346 (S.D.N.Y. 1993).

7. PACA, at 7 U.S.C. § 499e(c)(2), imposes a non-segregated, floating trust on the perishable agricultural products that Ferlito Farms sold to Empire Fresh, along with any proceeds or receivables from the sale of those products, and gives Ferlito Farms, as a PACA trust beneficiary, priority over all other creditors of Empire Fresh (except for other PACA trust beneficiaries), including secured creditors. *See A&J Produce Corp. v. Bronx Overall Econ. Dev. Corp.*, 542 F.3d 54 (2d Cir. 2008).

8. A party seeking a preliminary injunction is required to show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the moving party. *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006).

9. PACA trust dissipation satisfies the irreparable harm requirement where, as in this case, absent such relief ultimate recovery is unlikely. *See Tanimura*, 222 F.3d at 140-41.

10. Ferlito Farms, having shown irreparable harm and a likelihood of success on the merits, is entitled to the injunctive relief sought on its motion for a preliminary injunction.

11. It is a proper exercise of this Court's discretion to dispense with the posting of a bond in this case in which Defendants have failed to show that they will be harmed by the issuance of this preliminary injunction. *See Doctor's Assoc., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996).

**ACCORDINGLY**, based on a careful review of Ferlito Farms' Complaint, the Declaration of Joseph A. Ferlito, and the Exhibits annexed thereto, the Ferlito Farms' memorandum of law in support of its *ex parte* motion for a temporary restraining order and preliminary injunction, and all other papers filed in this action, and Defendants having failed to appear or file papers in opposition to the motion, and due consideration having been had, it is hereby

**ORDERED** that Ferlito Farms' motion for a preliminary injunction (Dkt. No. 9) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendants be and hereby are preliminarily enjoined during the pendency of this action, pursuant to Fed. R. Civ. P. 65, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

- A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities and/or receipts of payment for such commodities or crops sold prior to the date of this Preliminary Injunction and/or otherwise disposing of assets, books or funds; and
- B. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Ferlito Farms' beneficiary interest in the trust assets;
- C. Taking any other action whatsoever which violates 7 U.S.C. § 499e(c)(l) through (4), inclusive, and 7 U.S.C. § 499b(4) of the PACA; and it is further

**ORDERED** that Defendants, their officers, directors, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, shall within 24 hours after being served with this Preliminary Injunction distribute into the

Registry of this Court Ferlito Farms' PACA Trust assets in the amount of **$429,590.00**, the principal amount due to Ferlito Farms, plus interest at the rate set forth in the Ferlito Farms invoices submitted with the shipments at issue herein, and costs in the amount of $350.00; and it is further

**ORDERED** that the PACA Trust assets described in the preceding paragraph be promptly invested by the Clerk of the Court in an interest-bearing account, in accordance with the standard practices of the Court, with a bank of the Clerk's choice, such funds to be invested, held on deposit, and from time to time similarly reinvested as necessary pending further Order of this Court authorizing distribution thereof; and it is further

**ORDERED** that, during the pendency of this action, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants banking accounts, including but not limited to Defendants' account(s) located at HSBC Bank in Oswego, New York, Pathfinder Bank in Oswego, New York, or any other subsequently discovered banking accounts standing in one or more of Defendants' names; and it is further

**ORDERED** that, in the event Defendants lack sufficient funds to promptly deposit the sums described above into the Registry of this Court, Defendants shall be and hereby are required and ordered to:

    A.    Immediately account to Ferlito Farms for all assets, including the PACA trust, from commencement of Defendants' business through the date of this Preliminary Injunction;

B. Immediately assign Defendants' inventory of perishable agricultural commodities and produce-related receivables to Ferlito Farms' counsel (or a designated third party approved by this Court) for collection until the PACA Trust assets are fully deposited into the Registry of this Court, and deposit and/or deliver complete accounts, records, and information of all of related receivables to Ferlito Farms' counsel (or a designated third party approved by this Court) without charge to the trust, and subject to Ferlito Farms' counsel making a weekly accounting for all receivables received or collected by Ferlito Farms' counsel in that regard. Ferlito Farms' counsel, as an officer of the Court, shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this Preliminary Injunction in a trust account.  Improper distribution or allocation of any funds that are directed to be held in trust, pursuant to this Preliminary Injunction, will result in sanctions under Fed. R. Civ. P. 11.  To the extent necessary to prevent loss of Defendants' inventory of perishable agricultural commodities through decay, over-ripening, spoliation or improper storage or handling, Ferlito Farms may, after obtaining prior authorization from this Court, immediately take possession of any such inventory and sell such inventory through a PACA licensed broker. The proceeds of any such sales shall be held in trust by Ferlito Farms' counsel pending further order of this Court. Any broker retained by Ferlito Farms or Ferlito Farms' counsel to effectuate such sales may retain a brokerage commission in an amount reasonable and customary in the produce industry;

C. Endorse any checks made, endorsed or paid to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the

entry of this Preliminary Injunction, or which Defendants obtain or which become obtainable by Defendants after the entry of this Preliminary Injunction, including but not limited to checks representing payment for sales of growing crops, and shall deliver them within 48 hours of Defendants' receipt of them to Ferlito Farms' counsel, who shall act as trustee in connection with its duties of collection of the checks and shall deposit any checks which are collected under this Preliminary Injunction in a trust account. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this Preliminary Injunction, or which Defendants obtain or which become obtainable by Defendants after entry of this Preliminary Injunction, within 48 hours of Defendants' receipt of them to Ferlito Farms' counsel, who, again, shall act as trustee and deposit such cash assets in a trust account; and

D. On or before October 8, 2010, file with this Court satisfactory evidence of compliance with the terms of this Preliminary Injunction; and it is further

**ORDERED** that, during the pendency of this action, and continuing thereafter, Ferlito Farms and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Preliminary Injunction and for enforcement of this Preliminary Injunction. Defendants shall, upon 2 business days notice by Ferlito Farms' counsel, allow inspection and copying of the books and records of Defendants by Ferlito Farms or its

representatives at Defendants' place of business; and it is further

ORDERED that, during the pendency of this action, Ferlito Farms shall be entitled to depose, under oath, at reasonable times and places, upon at least two (2) business days notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Preliminary Injunction, any books which Ferlito Farms is entitled to inspect under this Preliminary Injunction, the trust assets or any of Defendants' assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities; and it is further

ORDERED that no bond shall be required to be posted by Ferlito Farms before the Preliminary Injunction is effective.

Dated: September 30, 2010
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge