UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

A. FERLITO FARMS, INC.,

                        Plaintiff,              5:10-CV-1044
                                                       (GTS/ATB)
v.

EMPIRE FRESH CUTS, LLC;
JAMES R. ZAPPALA; and
SAMUEL A. ZAPPALA,

                        Defendants,
_____

APPEARANCES:                                    OF COUNSEL:

MACKENZIE HUGHES LLP               NANCY L. PONTIUS, ESQ.
  Counsel for Plaintiff
101 South Salina Street
PO Box 4967
Syracuse, NY 13221-4967

HON. GLENN T. SUDDABY, United States District Judge

# MEMORANDUM-DECISION and ORDER

       Currently before the Court, in this action filed by A. Ferlito Farms, Inc. ("Plaintiff") against Empire Fresh Cuts, LLC, James R. Zappala, and Samuel A. Zappala ("Defendants") pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), is Plaintiff's motion for default judgment against Defendants Empire Fresh Cuts, LLC, and James R. Zappala, pursuant to Fed. R. Civ. P. 55(b). (Dkt. Nos. 24, 27.) For the reasons set forth below, Plaintiff's motion is granted.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint alleges as follows. Between about December 9, 2009, and April 20, 2010, Plaintiff sold and shipped perishable agricultural commodities (onions) to Defendants, who were engaged in the handling of produce in interstate commerce as commission merchants, dealers and/or retailers subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA. (Dkt. No. 1.) Defendants in turn agreed to pay Plaintiff principal amounts at least as great as the sum of $429,590.00 for these perishable agricultural commodities. (*Id*.) After shipping these perishable agricultural commodities through interstate commerce, Plaintiff sent Defendants invoices for the shipments, setting forth in detail the amounts owed by Defendants and written provisions for providing recovery pursuant to PACA. (*Id*.) Although Plaintiff has repeatedly demanded that Defendants pay the principle amount of at least $429,590.00, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for the perishable agricultural commodities purchased. (*Id*.)

Based on these (and other) factual allegations, Plaintiff's Complaint asserts the following six claims against Defendants: (1) breach of contract; (2) violation of Statutory Trust Provisions of PACA [7 U.S.C. §499a(4)]; (3) violation of the PACA for failure to account and pay promptly; (4) breach of fiduciary duty to PACA trust beneficiaries; (5) conversion and unlawful retention of PACA trust assets; and (6) fraudulent transfer under New York's Debtor and Creditor Law §§ 1, *et seq*. (*See generally* Dkt. No. 1.)

As relief, Plaintiff seeks (1) a declaratory judgment directing Defendants to pay the sum of $429,590.00, together with interest at the statutory interest rate of 9% per annum, and establishing that the PACA trust funds never became property of Defendants, and (2) injunctive relief and/or a temporary restraining order requiring Defendants to "turnover all amounts subject to the PACA trust or to enter a temporary restraining [order]."  (Dkt. No. 1.)

**B.     Plaintiff's Service of Complaint and Defendants' Failure to Answer**

Between September 3, 2010, and September 7, 2010, Plaintiff properly served its Complaint on each Defendant.  (Dkt. No. 12, 13, 14.)  As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint.  (*See generally* Docket Sheet.)

**C.     Clerk's Office's Entry of Default and Defendants' Non-Appearance**

On October 29, 2010, Plaintiff filed a request for entry of default against each Defendant. (Dkt. No. 19, 20, 21.)  On November 1, 2010, the Clerk of the Court entered default against Defendants (including Samuel A. Zappala) pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 23.)  As of the date of this Decision and Order, Defendants have not appeared and attempted to cure that entry of default.  (*See generally* Docket Sheet.)

**D.     Plaintiff's Motion for Default Judgment and Defendants' Non-Response**

On February 1, 2011, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  (Dkt. No. 24.)  Generally, in its motion, Plaintiff requests that the Court issue default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(b), based on Defendants' failure to appear, answer, or otherwise move with respect to the pleadings.  (*See generally id.*)

Defendants' response to the motion was due on February 28, 2011.  (Docket Entry dated 02/01/2011.)  As of the date of this Decision and Order, Defendants have filed no response to that motion.  (*See generally* Docket Sheet.)

On April 27, 2011, Plaintiff filed a letter-motion that (1) requested that the Court sever Plaintiff's request for a default judgment against Defendants Empire Fresh Cuts, LLC, and James R. Zappala from Plaintiff's request for a default judgment against Defendant Samuel A. Zappala (because Defendant Samuel A. Zappala filed a Chapter 7 bankruptcy petition on April 22, 2011, and is thus entitled to an automatic stay of Plaintiff's claims against him), and (2) requested that the Court consider an excerpt from a April 20, 2011, Blue Book Services's Credit Sheet in further support of the request for a default judgment against Defendant James R. Zappala. (Dkt. No. 27.)

On May 2, 2011, the Court issued a Text Order that denied as moot Plaintiff's letter-motion to the extent that it requested severance, because the Court could decide that portion of the motion that seeks a default judgment against Defendants Empire Fresh Cuts, LLC, and James R. Zappala, without severing it from that portion of the motion that seeks a default judgment against Defendant Samuel A. Zappala. (Text Order date 05/02/2011.) In so doing, the Court stated, "The pending motion will be decided as against Empire Fresh Cuts, LLC and James R. Zappala only until such time when and if the bankruptcy stay is lifted against Samuel A. Zappala." (*Id*.)

After carefully reconsidering the matter, the Court *sua sponte* modifies its Text Order of May 2, 2011, in the following two ways: (1) the Court clarifies that it liberally construes Plaintiff's letter-motion as voluntarily withdrawing, without prejudice, its motion against Defendant Samuel A. Zappala;[1] and (2) the Court clarifies that the last line of its Text Order was intended to mean that "[t]he pending motion will be decided as against Empire Fresh Cuts, LLC

---

[1] The Court notes that Plaintiff shall be able to incorporate by reference its previously filed motion papers, in its renewal of its motion against Defendant Samuel A. Zappala, when and if the automatic stay is lifted.

4

and James R. Zappala only, and any renewed motion will be decided as against Defendant Samuel A. Zappala only after the bankruptcy stay is lifted against him."

In addition, the Court denies Plaintiff's letter motion to the extent that it requests that the Court consider an excerpt from a April 20, 2011, Blue Book Services's Credit Sheet in further support of the request for a default judgment against Defendant James R. Zappala, for the following two reasons: (1) a decision permitting such consideration would arguably necessitate the providing of additional notice to Defendant James R. Zappala before a default judgment is issued against him, delaying the Court's decision on Plaintiff's motion; and (2) consideration of the excerpt in question is not necessary, under the circumstances.

## II.   LEGAL STANDARD GOVERNING MOTION FOR DEFAULT JUDGMENT

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp.*, 06-CV-5415, 2008 WL 163598, at *4 (E.D.N.Y. Jan. 16, 2008) (citing Fed. R. Civ. P. 55[b]). "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" *Pert 35, Inc. v. Amari Aviation Ltd.*, 09-CV-0448, 2010 WL 1257949, at *3 (N.D.N.Y. Mar. 5, 2010) (Peebles, M.J.). More specifically, in order to grant Plaintiff's motion for default judgment, Plaintiff must do the following: "[1] show that the defendant was properly served with a summons and complaint; [2] obtain the entry of default; and [3] provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Pert 35, Inc.*, 2010 WL 1257949, at *3 (citing, *inter alia*, Fed. R. Civ. P. 55[b][2], N.Y.N.D. L.R. 55.1 and N.Y.N.D.

L.R. 55.2). "When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages." *Coated Fabrics Co.*, 2008 WL 163598, at *4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 [2d Cir. 1992]; *Au Bon Pain Corp., v. Artect, Inc.*, 653 F.2d 61, 65 [2d Cir. 1981]). "Moreover, an inquest by affidavit, without an in-person hearing, may be conducted as long as the court can ensure 'a basis for the damages specified in the default judgment.'" *Id*. (quoting *Transatlantic Marine Claims Agency Inc. v. Ace Shipping Corp.*, 109 F.2d 105, 111 [2d Cir. 1997] [citation omitted]).

III.   **ANALYSIS**

    A.   **Motion for Default Judgment**

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of liability, under the circumstances.[2] The Court notes that Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendants. However, no Answer has been filed and no one has appeared on behalf of Defendants. In addition, the Clerk has already entered default against Defendants, and Plaintiff has served Defendants with their motion for the

---

[2] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

issuance of default judgment.  However, Defendants have still neither responded to the motion nor appeared in this action.

Finally, the Court finds that the factual allegations of the Complaint are sufficient to state a claim upon which relief can be granted.  *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

For each of these alternative reasons, the Court grants Plaintiff's motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

**B.     Damages**

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its burden of establishing a valid basis for the damages it seeks with regard to unpaid invoices.  The Court notes that, while a hearing to fix the amount of damages may be conducted,[3] a hearing is not required where the Court has found that there is a basis for the damages specified in the default judgment.[4]  Here, the Court has made such a finding.

---

[3]     *See* Fed. R. Civ. P. 55(b)

[4]     *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

For example, in support of the damages requested, Plaintiff has provided thirty-seven (37) Bill of Lading documents and twenty-seven (27) Purchase Order Confirmation documents from Defendants, which establish the amount and value of the commodities requested by Defendants from Plaintiff, and the shipment of such commodities to Defendants from Plaintiff. (Dkt. No. 24, Attach. 11, 12, 13.)  In addition, Plaintiff has submitted the August 26, 2010, Declaration of Joseph Ferlito, in which he describes Plaintiff's sale of onions to Defendants and states that the invoices, which total $429,590.00, have not been paid.  (Dkt. No. 24, Attach. 7.) Such evidence provides the Court with a basis for the damages specified in the default judgment. *See D'Arrigo Bros. Co. of New York, Inc. v. Garden State Produce Co., Inc.*, 09-CV-4185, 2010 WL 3448004, at *2 (S.D.N.Y. Aug. 18, 2010) (finding that no hearing was necessary where plaintiff in PACA action submitted invoices memorializing unpaid sales), *adopted by* 2010 WL 5122592 (S.D.N.Y. Dec. 14, 2010).  As a result, Plaintiff is entitled to damages in the amount of $429,590.00.

In addition, Plaintiff has requested an award of pre-judgment interest in the amount of 2% per month after thirty (30) days from the date on which payment was due, pursuant to the terms of the invoices provided to Defendants.  The Second Circuit has held that district courts have broad discretion to award interest in PACA claims.  *See Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 1063, 1071-72 (2d Cir. 1995).  However, courts typically look to the contractual terms contained in the invoices to determine the proper award of interest.  *See, e.g., John Georgallas Banana Distributors of New York, Inc. v. N & S Tropical Produce, Inc. and Kook Jin Nam*, 07-CV-5093, 2008 WL 2788410, at *4-5 (E.D.N.Y. July 15, 2008); *Top Banana, L.L. C. v. Dom's Wholesale & Retail Center, Inc.* 04-CV-2666, 2005 WL 1529736, at *5 (S.D.N.Y. June 28, 2005) (enforcing a contract provision that obligates buyer of produce under

PACA to pay interest on past due accounts); *accord, Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 351 (S.D.N.Y.1993).

Here, nothing in the record indicates that the parties did not discuss or negotiate the terms of the agreement between Plaintiff and Defendants, which includes the requirement that Defendants pay Plaintiff 2% per month after thirty (30) days from the date on which payment was due. (*See, e.g.*, Dkt. No. 24, Attach. 11.) As a result, Plaintiff is entitled to pre-judgment interest in the amount of 2% per month after thirty (30) days from the date on which payment was due. *See Brigiotta's Farmland Produce & Garden Center, Inc. v. Przykuta, Inc. d/b/a Frontier Produce, et. al.*, 05-CV-0273, 2006 WL 3240729, at *6 (W.D.N.Y. July 13, 2006) (finding no evidence of objection to the inclusion of terms pertaining to interest and attorneys' fees where defendant failed to answer or defend a suit arising under PACA); *John Georgallas Banana Distributors of New York, Inc.*, 2008 WL 2788410, at *5.

In sum, the Court concludes that Plaintiff has met its burden of establishing a valid basis for the damages requested. As a result, Plaintiff is awarded $429,590.00 in damages and $83,597.20 in interest, for a total of $513,187.20.[5]

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment against Empire Fresh Cuts, LLC, and James R. Zappala (Dkt. No. 24) is **GRANTED**; and it is further

---

[5] After carefully considering the matter, the Court has decided that, because of the nature of Plaintiff's factual allegations against each Defendant, it is not necessary to withhold a decision regarding damages against Defendants Empire Fresh Cuts, LLC, James R. Zappala, until the disposition of Plaintiff's claims against Defendant Samuel A. Zappala. In so doing, the Court finds that the concerns raised in *Diarama Trading Co. v. J. Walter Thompson USA, Inc.*, 01-CV-2950, 2002 WL 31545845, at *2-4 (S.D.N.Y. Nov. 13, 2002), do not apply under the circumstances.

**ORDERED** that Plaintiff is awarded $429,590.00 in damages and $83,597.20 in interest.

The clerk is directed to enter judgment accordingly as to Defendants Empire Fresh Cuts, LLC and James R. Zappala.

Dated: September 14, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge